# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES OF AMERICA, ) ex rel. THE U.S. ARMY CORPS ) OF ENGINEERS, ) ) Defendant. ) | Case No. CIV-06-094-KEW |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Transfer to the Court of Federal Claims (Docket Entry #156). This case involved the May 23, 2003 derailment of a train owned and operated by Plaintiff Union Pacific Railroad Company ("Union Pacific") after culverts collapsed under a bridge over a portion of Lake Eufala. Union Pacific commenced this action against Defendant United States of America ex rel. The United States Army Corps of Engineers (the "United States") under the Federal Tort Claims Act on claims that the United States (1) negligently breached a contract with Union Pacific when the tracks were moved by the United States and the bridge was constructed using metal culverts rather than reinforced concrete; and (2) negligently failed to inspect and maintain the culverts, which ultimately contributed to the collapse when the erosion of the metal culverts was not discovered.

After a non-jury trial, this Court entered judgment on both

claims for Union Pacific in the amount of $4,456,606.70. The United States appealed. In its decision dated January 5, 2010, the Tenth Circuit Court of Appeals found this Court lacked jurisdiction to consider the negligent breach of contract claim. The court concluded the Tucker Act vested exclusive jurisdiction over this claim in the United States Court of Federal Claims and directed that this Court dismiss this claim **without prejudice**. The Tenth Circuit also determined that the United States was entitled to judgment on the negligent inspection and maintenance claim and instructed this Court to enter the judgment in accordance with the decision.

Union Pacific now requests that this Court transfer this action and the negligent breach of contract claim to the United States Court of Federal Claims. Union Pacific contends that (1) the transfer of an claim when jurisdiction is found lacking is the preferred and mandated course of action; (2) transferring the claim does not circumvent the Tenth Circuit's ruling since it directed that the dismissal be without prejudice and Union Pacific's claim would be time-barred if it is not transferred; and (3) the so-called "mandate rule" is subject to an exception under the unique circumstances of this case.

For its part, the United States contends the Tenth Circuit's remand order left little room for discretion in this Court – dismissal of one claim and the entry of judgment on the other. The

United States also asserts the claim Union Pacific proposes to transfer to the United States Court of Federal Claims could not originally have been brought in that court because the statute of limitations had expired on the claim. As a final argument, the United States contends the exculpatory clause contained in the agreement between the parties would release the United States from liability on the negligent breach of contract claim.

Absent the Tenth Circuit's wording of its mandate and the United States' arguments concerning the statute of limitations and applicability of the exculpatory clause, transfer to the United States Court of Federal Claims would have been appropriate under 28 U.S.C. § 1631. This statute provides, in pertinent part, as follows:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

In order to determine whether a transfer is in the interest of justice, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000). In this regard, this Court may

3

consider whether the statute of limitations in the filing of the original action or the applicability of the exculpatory clause would bar the claim.

The negligent breach of contract action Union Pacific proposes to transfer to the United States Court of Federal Claims would be subject to the federal statute of limitations contained in 28 U.S.C. § 2501 which provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition is filed within six years after such claim first accrues." The Federal Circuit has found this statute of limitations to be jurisdictional. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354-55 (Fed. Cir. 2006).

In its opinion, the Tenth Circuit concluded the negligent breach of contract claim asserted by Union Pacific was founded in contract rather than tort law. Union Pacific R. Co. v. United States ex rel. United States Army Corps of Engineers, 591 F.3d 1311, 1320 (10th Cir. 2010). Indeed, this conclusion formed the basis for the finding that the Tucker Act governed the appropriate forum for the filing of the action. Under the Tucker Act, the action on a contract accrues, at the latest, when the contract is completed. Pacific Northern Timber Co., Inc. v. United States, 27 Fed.Cl. 331, 335 (Fed.Cl. 1992) citing Nager Elec. Co. v. United States, 368 F.2d 847, 852 (Ct.Cl. 1966).

In this case, the contract between the parties from which

4

Union Pacific's claim would arise was entered into on September 24, 1959. The agreement provided for a five year "warranty" period by the government. This action was filed on March 6, 2006. By any interpretation of the statute of limitations, it would appear to have expired prior to the bringing of this action, since it relates back to the time when the installation of the culverts was accomplished.

Moreover, the Tenth Circuit determined that the exculpatory clause found in Article 10 of the agreement is enforceable as to the negligent maintenance claim. Union Pacific, 591 F.3d at 1321-22. This Court perceives no basis for denying its applicability to the negligent breach of contract claim which Union Pacific seeks to transfer. As a result, this Court finds the transfer of the claim to the United States Court of Federal Claims would be futile and, therefore, not in the interest of justice since the claim would not survive once transferred.

Perhaps of most concern to this Court, however, is the inescapable conclusion that a transfer would fly in the face of the direct instruction of the Tenth Circuit in its Order and mandate. Although the Tenth Circuit dismissed the negligent breach of contract claim without prejudice, this Court concludes this phrasing was utilized in its normal use in legal proceedings - Union Pacific is authorized to bring the claim in the proper court without a determination on the merits. This Court trusts the Tenth

Circuit was aware that a transfer to the Court of Claims was an available remedy and that the parties were afforded the opportunity to request that such a transfer be mandated on remand, either before or after the entry of the Tenth Circuit's decision.

In examining the Tenth Circuit's mandate, this Court begins from the premise that the "mandate rule" requires a district court to act in conformity with the appellate court's mandate. United States v. Gama-Bastidas, 222 F.3d 779, 784 (10th Cir. 2000). The concept finds its corollary in the "law of the case" doctrine. Ute Indian Tribe v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997). "Although a district court is bound to follow the mandate, and the mandate 'controls all matters within its scope, ... a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.'" Procter & Gamble Co. v. Haugen, 317 F.3d 1121, 1126 (10th Cir. 2003)(citation omitted). The "mandate rule" is not jurisdictional but, rather, is discretion guiding. It allows deviation from the mandate under exceptional circumstances, including "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior . . . decision would result in serious injustice if uncorrected." Huffman v. Saul Holdings Ltd. Partnership, 262 F.3d 1128, 1133 (10th Cir. 2001)(citation omitted).

This Court finds that none of the exceptional circumstances thus recognized apply to this case. The legal authority in existence at the time of the mandate has not changed, new evidence has not been introduced which did not exist at the time of the issuance of the mandate, and the Tenth Circuit's decision does not bear any blatant error. A dismissal without prejudice was certainly within the parameters of the relief available to the Tenth Circuit to order. The effect may or may not result in a dismissal with prejudice – Union Pacific will not know until it attempts to bring this action in a court with appropriate jurisdiction. This Court will not presume to order relief which the Tenth Circuit could have done of its own accord.

IT IS THEREFORE ORDERED that Plaintiff, Union Pacific Railroad Company's Motion to Transfer to the Court of Federal Claims (Docket Entry #156) is hereby **DENIED**. A judgment will be entered in conformity with the Tenth Circuit's remand order.

IT IS SO ORDERED this 28th day of February, 2011.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE